ELSIE E. ROUNDS, complainant-respondent,

v.

JOHN J. NEWMEYER, CECELIA F. DOUGHERTY and FRANK DOUGHERTY, defendants-appellants.

[Argued October 21st, 1946.   Decided January 17th, 1947.]

*Mr. David Goldsmith* and *Mr. Matthew F. Melko,* for the complainant-respondent.

*Messrs. Parsons, Labrecque, Canzona & Combs* (*Mr. Theodore J. Labrecque*), for the defendants-appellants Cecelia F. Dougherty and Frank Dougherty.

*Messrs. Heuser & Heuser* (*Mr. Ralph Heuser*), for the defendant-appellant John J. Newmeyer.

PER CURIAM.

The appeal is from a decree in Chancery which declared invalid, and set aside, a deed bearing date March 3d, 1938, purporting to have been given by Elsie E. Newmeyer and John J. Newmeyer, her husband, to Cecelia F. Newmeyer, recorded April 3d, 1941, in the county clerk's office of Monmouth County in Book 1851 of Deeds, page 149. The respondent, who was the complainant, is the person so named as Elsie E. Newmeyer. None of the defendants testified.

We have reviewed the proofs and the applicable law. We conclude that there was no delivery or intent to deliver. Failing those elements no title passed. *Crawford* v. *Bertholf, 1 N. J. Eq. 458; Woodward* v. *Woodward, 8 N. J. Eq. 779;*

*Cannon* v. *Cannon, 26 N. J. Eq. 316; Ruckman* v. *Ruckman, 33 N. J. Eq. 354; Hildebrand* v. *Willig, 64 N. J. Eq. 249; Rowley* v. *Bowyer, 75 N. J. Eq. 80; Abbe* v. *Donohue, 90 N. J. Eq. 597; Blachowski* v. *Blachowski, 135 N. J. Eq. 425; Folly* v. *Vantuyl, 9 N. J. Law 153.* The decree correctly determined the issues, including the allowances.

The decree under appeal will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, BODINE, DONGES, HEHER, PERSKIE, COLIE, WACHENFELD, EASTWOOD, WELLS, RAFFERTY, DILL, FREUND, McGEEHAN, McLEAN, JJ. 15.

*For reversal*—None.